UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CASE NO. 3:22 cv 359 ( SALM)

KYLE L. PASCHAL-BARROS
– PLAINTIFF –

V.

BRETT ROSENBERG

RN FERNS-BROWN

SCANNED at
and Emailed MWCI
3/7/22 by H . 18 pages
date initials No.

FEBUARY , 15 , 2022

PRO SÉ PRISONER CIVIL RIGHTS COMPLAINT

PRO SÉ PLAINTIFF DO SO COMMENCE THIS MATTER AGAINST THE DEFENDANTS; ALLEGING VIOLATION OF HIS CONSTITUTIONAL RIGHTS.

I. JURISDICTION AND VENUE

1. THIS IS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C §1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE FEDERAL CONSTITUTION. THIS COURT EXERCISES JURISDICTION PURSUANT TO 28 U.S.C §§ 1331 AND 1343 (a)(3);

2. THE DISTRICT OF CONNECTICUT IS THE APPROPRIATE VENUE PURSUANT TO 28 U.S.C §1391(b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURRED

## II. PARTIES

3. PLAINTIFF

a. FULL NAME: KYLE LAMAR PASCHAL-BARROS

b. INMATE No.: 390416

c. CORRECTIONAL FACILITY LOCATED: MACDOUGALL-WALKER CI

4. FIRST DEFENDANT

a. FULL NAME: BRETT ROSENBERG

b. RANK OR TITLE: CORRECTIONAL REGISTERED NURSE

c. WORKPLACE: CONN. DEPT. OF CORR.

d. CAPACITY BEING SUED: INDIVIDUAL & OFFICIAL (IN PART)

5. SECOND DEFENDANT

FULL NAME: "UNKNOWN FIRST NAME" FERNS-BROWN

RANK OR TITLE: CORRECTIONAL NURSE

WORKPLACE: CONN. DEPT. OF CORR

CAPACITY BEING SUED: INDIVIDUAL & OFFICIAL (IN PART)

III. FACTUAL ALLEGATIONS

6. THE PLAINTIFF AT ALL TIMES HEREIN WAS A SENTENCED INMATE IN THE CUSTODY OF THE CONN. DEPT. OF CORR. SINCE JULY 10, 2012

7. THE PLAINTIFF HAS THE PHYSICAL DISABILITY OF SEIZURES AND MULTIPLE MENTAL DISABILITIES

8. CONN. DEPT. OF CORR. IS A DEPARTMENT OF THE STATE OF CONNECTICUT EXECUTIVE GOVERNMENT BRANCH, AND IS BELIEVED TO RECEIVE FEDERAL FUNDS

9. SEIZURES ARE A SERIOUS MEDICAL CONDITION THAT CAUSES SEVERE PAIN, BRAIN DAMAGE, & MAY LEAD TO DEATH; SEIZURES IMPAIR THE MAJOR BODIAL FUNCTIONS OF THE NERVOUS SYSTEM (INCLUDING THE BRAIN)

10 ON OR AROUND MARCH 08, 2019, DUE TO THE PLAINTIFF'S CURRENT MENTAL HEALTH CRISIS, WHILE AT NORTHERN CI, A DETERMINATION WAS MADE FOR THE PLAINTIFF TO BE PLACED IN THE MEDICAL UNIT ON FULL STATIONARY RESTRAINTS

11. ONCE ON FULL STATIONARY RESTRAINTS IT WAS DETERMINED THAT THE PLAINTIFF WAS TO BE INJECTED - AGAINST HIS WILL - OF AN UNKNOWN SUBSTANCE WHICH ALLEGEDLY WAS A MEDICATION

12. DURING HIS RESTRAINT PLACEMENT DEFENDANTS BROWN & ROSENBERG WERE PRESENT AS REQUIRED BY CTDOC PROTOCOL

13. SHORTLY AFTER BROWN INJECTED THE PLAINTIFF WITH THE SYRINGE HE LOST CONSCIENCESNESS; SOME POINT LATER PLAINTIFF REGAINED BRIEF CONSCIENCENESS & WAS DISORIENTED, THEN AGAIN LOST CONSCIENCENESS

14. AT SOMETIME LATER THE PLAINTIFF REGAINED CONSCIENCENESS AND EXPERIENCED SEVERE BODILY PAIN, BLURRED VISION, NAUSEA, HEADACHE, SENSITIVITY TO LIGHT; THE SAME SYMPTOMS FROM PRIOR SEIZURE INCIDENTS. AND WAS STILL ON RESTRAINTS

15. ANOTHER INMATE IN AN ADJACENT MEDICAL CELL YELLED OVER TO THE PLAINTIFF TO INFORM HIM TO HAVE WITNESSED THE PLAINTIFF HAVE TWO SEIZURES AFTER BEING INJECTED; THAT BOTH BROWN & ROSENBERG FAILED TO HAVE CUSTODY REMOVE HIM FROM RESTRAINTS

16. THE ONE-ON-ONE OFFICER OUTSIDE THE PLAINTIFF'S CELL CONFIRMED THE FACT IT APPEARED THE PLAINTIFF HAD TWO SEIZURES; BUT THE LIEUTENANT ASKED BOTH BROWN & ROSENBERG IF THEY SHOULD REMOVE THE PLAINTIFF; BOTH DEFENDANTS RESPONDED NO, BECAUSE THE PLAINTIFF WAS RESTRAINED BECAUSE OF HIS CRISIS; THE OFFICER INFORMED THE PLAINTIFF THAT THE LIEUTENANT ASKED IF THE PLAINTIFF NEEDED TO BE SENT TO A HOSPITAL AND THE DEFENDANTS STATED NO.

17. WHEN RETURNED TO HIS HOUSING UNIT, A TIME LATER THE PLAINTIFF OBTAINED THE INCIDENT REPORTS FOR THE INCIDENT; WITHIN THE SUPERVISORY REPORT THERE WAS A STATEMENT THAT THE REVIEW OF THE VIDEOFOOTAGE SHOWED THE PLAINTIFF HAVING CONVULSIONS. THE INCIDENT REPORT REFLECTED THAT THE PLAINTIFF WAS REMOVED FROM THE RESTRAINT ONLY WHEN THE CRISIS WAS OVER NOT WHEN SEIZING.

18. NCI DID NOT HAVE ANY MEDICAL EQUIPMENT NECESSARY TO SCAN THE PLAINTIFF FOR ANY NEURO DAMAGE OR INTERNAL DAMAGE; NEITHER DEFENDANTS CONDUCTED ANY BASIC TEST TO CHECK FOR SIGNS OF DAMAGE FROM THE SEIZURES; NOR SENT OF ANY OUTSIDE REVIEW SUCH AS AN E.E.G SCAN

19. THE PLAINTIFF PROMPTLY PURSUED THE ADMINISTRATIVE REMEDIES; INFORMAL RESOLUTION WAS PURSUED TWICE; THE INITIAL RESPONCE PROVIDED NO REDRESS; THE SECOND RESPONCE PROVIDED NO REDRESS; THE PLAINTIFF THEN SUBMITTED A HEALTH SERVICES REVIEW GRIEVANCE; THE PLAINTIFF'S GRIEVANCE WAS RETURNED WITH A "RETURNED WITHOUT DISPOSITION" STATING "THANK YOU MR. PASCHAL-BARROS THE INFORMATION IS BEING REVIEWED.

20. THE CTDOC ADMINISTRATIVE DIRECTIVE FOR HEALTH SERVICES GRIEVANCES, AT THE TIME, PROVIDED NO PROVISION THAT PERMITTED AN APPEAL OF "RETURNED WITHOUT DISPOSITION" DETERMINATIONS NOR A TIME TO CONTINUE FORWARD FROM LACK OF DECISION. BASE ON PRIOR EXPERIENCE WITH HEALTH SERVICES GRIEVANCES, THE PLAINTIFF HAD BELIEVED HE COULD NOT APPEAL. TODATE - ALMOST THREE YEARS LATER - THE PLAINTIFF HAS NOT RECEIVED ANY DISPOSITION.

21. PLAINTIFF'S ADMINISTRATIVE REMEDIES HAVE BEEN MADE UNAVAILABLE FOR EXHAUSTION.

## IV. LEGAL CLAIMS

22. THE PLAINTIFF ASSERTS EIGHTH AMENDMENT VIOLATION; DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED; AGAINST THE DEFENDANTS IN THEIR INDIVIDUAL CAPACITY <u>ONLY</u>.

23. THE PLAINTIFF ASSERTS EIGHTH AMENDMENT VIOLATION; DELIBERATE INDIFFERENCE TO PLAINTIFF'S HEALTH & SAFETY; AGAINST THE DEFENDANTS IN THEIR INDIVIDUAL CAPACITY <u>ONLY</u>

24. THE PLAINTIFF ASSERTS EIGHTH AMENDMENT VIOLATION; DENIAL OF BASIC HUMAN NEEDS; AGAINST THEIR INDIVIDUAL CAPACITY <u>ONLY</u>

25. THE PLAINTIFF ASSERTS THAT THE DEFENDANTS DENIAL OF MEDICAL SERVICES DUE TO HIS MENTAL CRISIS (DISABILITY) REGARDING RECEIPT OF MEDICAL CARE FOR HIS SEIZURES, AMOUNTS TO DENIAL TO PARTICIPATE IN MEDICAL SERVICES AND/OR OPPORTUNITY TO BENEFIT FROM MEDICAL SERVICE BECAUSE OF HIS MENTAL DISABILITY; THEIR BY RISE THE CLAIMS OF VIOLATION TO 42 U.S.C §12132, §504 OF THE REHAB. ACT; AND CONN. GEN. STAT. §46a-69 & §46a-77(c); AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITY

26. THE PLAINTIFF ASSERTS THAT THE DEFENDANTS RELEGATION TO LESSER MEDICAL SERVICES - REGARDING HIS SEIZURES - DUE TO HIS MENTAL CRISIS (DISABILITY); AMOUNTS TO SUBJECTION TO 42 U.S.C §12101(a)(5) DISCRIMINATION ON THE BASIS OF DISABILITY; IN VIOLATION OF 42 U.S.C §12132; §504 OF THE REHAB. ACT; CONN. GEN STAT §46a-69 & §46a-77(c); PLAINTIFF RAISES THESE CLAIMS AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITY.

V. RELIEFS REQUESTED

WHEREFORE IN THE INTEREST OF JUSTICE, AS A MATTER OF LAW, PLAINTIFF RESPECTFULLY SEEKS THE COURT TO GRANT

1 COMPENSATORY DAMAGES IN THE AMOUNT OF $ 270,000.00 FROM THE DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES, EACH

2. PUNITIVE DAMAGES IN THE AMOUNT OF $ 135,000.00 FROM THE DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES, EACH

3. PLAINTIFF SEEKS RECOVERY OF COSTS TO PURSUE THIS MATTER INCLUDING BUT NOT LIMITED TO ATTORNEY FEES, FILING FEES, DISCOVERY EXPENSE, TRIAL TAXES, POSTAGE & MATERIALS

4. PLAINTIFF SEEK ANY AND ALL OTHER SUCH RELIEFS WHICH THEY MAY SHOW TO BE ENTITLED TO BY LAW

5. ANY ADDITIONAL RELIEFS THE COURTS DEEMS JUST, PROPER, AND EQUITABLE

VI. JURY TRIAL DEMAND

PLAINTIFF DO SO RESPECTFULLY ASSERTS AND INVOKES THEIR RIGHTS TO A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY

VII. VERIFICATION

BY SIGNING THIS COMPLAINT, UNDERSIGNED DO SO VERIFY UNDER PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THIS COMPLAINT IS TRUE AND ACCURATE TO THE BEST OF THEIR KNOWLEDGE & BELIEF

RESPECTFULLY SUBMITTED

x Kyle L. Paschal-Barros
(SIGNATURE)

PRINTED NAME KYLE L PASCHAL-BARROS

ADDRESS #390416

MACDOUGALL-WALKER CI

1153 EAST ST. SOUTH

SUFFIELD CT 06080

EXECUTED AT THE CITY OF SUFFIELD CONNECTICUT ON THIS

15 DAY OF FEBUARY, 2022
DATE MONTH YEAR,

# Inmate Request Form

**Connecticut Department of Correction**

CN 9601
REV 1/31/09

Inmate name: Paschal-Barros Kyle

Inmate number: 390416

Facility/Unit: NCI- 1 West

Housing unit: One West 207

Date: 03-15-19

Submitted to: Nursing Supervisor

Request: I am Seeking informal resolution to the medical nurses on 03-08-19 who observed me have two Seizures on Four Point restraints and failed to remove the restraints these Seriously Jeopardized my Physical and Medical well-being. witnessing Prisoner informed me later of the Seizure and I have been made aware upon receiving the reports today from the AAG. As informal resolution I ask each nurse to be Suspended for a minimum of nine months without pay

continue on back if necessary

Previous action taken:

continue on back if necessary

Acted on by (print name): Margo Griffin

Title: APRN.P

Action taken and/or response: Mr. Paschal. Thank you for bringing this to my attention. I have reviewed your health record. who informed you that you had two Seizures while on 4 point restraints. Were the medical staff informed. I will look into this further

MAR 18 2019

continue on back if necessary

Staff signature: [signature]

Date: 3/18/19 3/18/19

# Inmate Request Form
Connecticut Department of Correction

CN 9601
REV 1/31/09

Inmate name: Paschal-Barnes Kyle L

Inmate number: 394416

Facility/Unit: NCI- 1 West

Housing unit: One West 207

Date: 04-10-19

Submitted to: Nursing Supervisor

Request: I'm writing because you confirmed the incident regaurding the Two Seizures I had on four points on 3/08/19 and you said you'll review further. I will like to know if I've exhausted Remedies as to this matter given that you've confirmed the Asserted Grievable matter. If not if and how and when can I pursue exhaustion if not exhausted. Thank you Respectfully [signature] Second request you provided no response to the CN9601 regarding the issue with chemical agent I will like to know the Status of this request. Thank You [signature]

continue on back if necessary

Previous action taken:

continue on back if necessary

Acted on by (print name): Margo Griffin

Title: CRHNS

Action taken and/or response:

Who witnessed this Seizure while in four points?

continue on back if necessary

Staff signature: Margo Griffin [signature]

RECEIVED APR 21 2019

Date: 4/23/19

| **CONFIDENTIAL** (FOR OFFICIAL USE ONLY) | Inmate name: Paschal-Barros Kyle | |
|---|---|---|
| | Inmate number: 390410 | Housing: One West |

APR 2 ... 2019

**SECTION 4: STATE THE PROBLEM AND REQUESTED RESOLUTION**

- Provide any factual information that is applicable, including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

Please be advised CN 9601 is not attached due to not receiving a responce from the Nursing Supervisor. I am Seek redress to an on going medical Deliberate indifference which was again repeated on 03-08-19 by RN Brett Rosenberge. The misconduct is again Nurses report via handheld radio that I have no contraindications to chemical agent Despite the clear record of my respiratory condition which on the medical incident reports is listed as an excample of contraindication - I Seek Nurse Rosenberg to part take in CTDOC Use of Force Chemical Agent training to re certify himself in CPR Training as well as First Aid and to part take in refresher Education on the human Respiratory System. To address this re-occurring misconduct which is Subjecting me to unecessary and wanton infliction of extreum Pain I Seek reasonable monetary compensation by CTDOC Medical Services. //End of Grievance K.L.P-B//

Inmate signature: Kyle Lamar Paschal-Barros Date: 03/21/19

- **For all remedies except health services, deposit this form in the Administrative Remedies box.**
- **For a health services issue, deposit this form in the Health Services box.**

**SECTION 5: DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW**

| Date Received: 4/23/19 | IGP #: 20857 | T#: |
|---|---|---|

Disposition: Returned without disposition Date of Disposition: 4/23/19

Reason:
Thank you Mr. Paschal-Barros the information is being reviewed.

☐ You have exhausted DOC's Administrative Remedies. ☐ This matter may be appealed to:

Signature: Margo Gueff Date: 4/23/19