UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
KYLE PASCHAL-BARROS           :     Civ. No. 3:22CV00359(SALM)
                              :
v.                            :
                              :
BRETT ROSENBERG,              :
RN FERNS-BROWN                :     June 14, 2022
                              :
------------------------------X
```

## INITIAL REVIEW ORDER

Self-represented plaintiff Kyle Paschal-Barros ("plaintiff"), an inmate in the custody of the Connecticut Department of Correction ("DOC"), brings this action relating to events occurring during his incarceration at Northern Correctional Institution ("Northern").[1] Plaintiff brings this

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reflects that plaintiff was sentenced on August 8, 2013, to a term of imprisonment that has not expired. See http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=390410 (last visited June 12, 2022).

However, plaintiff is also a pretrial detainee with respect to pending charges in Connecticut State Court in the following cases: D03D-CR21-0192853-S; DBD-CR19-0189696-T; TTD-CR20-0183120-T; TTD-CR22-0185773-T. The Court has previously discussed plaintiff's custodial status and found that plaintiff should be treated as a sentenced inmate for purposes of initial

action against two DOC employees: Registered Nurse ("RN") Brett Rosenberg and RN Ferns-Brown. See Doc. #1 at 1-2. Plaintiff proceeds in forma pauperis. See Doc. #16.

Pursuant to 28 U.S.C. §1915A, this Court is required to review any civil complaint filed by a prisoner and must dismiss any portion of the complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Although detailed allegations are not required, a complaint must include sufficient facts to afford the defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

It is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)). However, even self-

---

review. See Paschal-Barros v. Quiros, No. 3:21CV00698(SALM), 2022 WL 124544, at *3 (D. Conn. Jan. 13, 2022).

represented parties must comply with Rule 8 and the other rules of pleading applicable in all federal cases. See Harnage v. Lightner, 916 F.3d 138, 141 (2d Cir. 2019).

The Court has reviewed plaintiff's Complaint and construes it as bringing the following claims:

- 42 U.S.C. §1983 claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against both defendants in their individual capacities for damages, based on allegations that they (1) refused to treat plaintiff while his seizure was occurring and (2) refused to provide follow-up treatment after he experienced the seizure. See Doc. #1 at 4-5, 6.
- Violation of Title II of the Americans with Disabilities Act against both defendants in their official capacities, for damages, based on allegations that they refused to treat plaintiff because of his mental disabilities. See id.
- Violation of §504 of the Rehabilitation Act of 1973 against both defendants in their official capacities, for damages, based on allegations that they refused to treat plaintiff because of his mental disabilities. See id.
- Violations of Conn. Gen. Stat. §46a-69 and §46a-77(c) against both defendants in their official capacities, for damages, based on allegations that they refused to treat plaintiff because of his mental disabilities. See id.

The Court will permit plaintiff's claims to proceed, as outlined above, against defendants Rosenberg and Ferns-Brown in their individual and official capacities, for damages.[2]

**The Clerk shall** prepare appropriate service packets and/or summons for service of defendants Rosenberg and Ferns-Brown, in their individual and official capacities.

**The Clerk shall** send a courtesy copy of the Complaint (Doc. #1) and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

A detailed case management and scheduling order will be entered after counsel appears for any defendant.

**This Initial Review Order does not preclude the filing of a**

---

[2] The extent to which a plaintiff may bring official capacity suits for damages under the ADA and Rehabilitation Act is an area of unsettled law in the Second Circuit. See Cosby v. Rusi, No. 3:20CV00459(MPS), 2020 WL 3577482, at *5 (D. Conn. July 1, 2020); Monroe v. Gerbing, No. 16CV02818(KMK), 2017 WL 6614625, at *15 (S.D.N.Y. Dec. 27, 2017) (collecting cases). Some courts have concluded that prison officials can be sued for damages in their official capacities because the real party in interest in an official-capacity suit is the governmental entity, which is subject to liability under the ADA and Rehabilitation Act. See Cosby, 2020 WL 3577482, at *5 (collecting cases). However, to overcome a state's sovereign immunity from a suit for monetary damages under the Eleventh Amendment, a plaintiff must additionally "allege that his mistreatment was motivated by either discriminatory animus or ill will due to disability." Id.; see also Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 112 (2d Cir. 2001); Monroe, 2017 WL 6614625, at *15. At this initial stage in the proceeding, the Court will permit these claims to proceed against defendants in their official capacities.

**Motion to Dismiss pursuant to Rule 12.** Defendants are encouraged to carefully evaluate the claims in the Complaint as construed herein, and to respond by Answer or Motion, as appropriate.

If plaintiff changes his address at any time during the litigation of this case, he **MUST** notify the Court. Failure to do so may result in the dismissal of the case. **Plaintiff must give notice of a new mailing address even if he remains incarcerated.** Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify the defendants or attorney for defendants of his new address.

**Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court.** Plaintiff is advised that the Program may be used only to file documents with the Court. The Local Rules provide that discovery materials are not filed with the court; therefore, discovery requests and responses must be served on defendants' counsel by regular mail.

It is so ordered this 14th day of June, 2022, at Bridgeport, Connecticut.

```
                              ____/s/_____
                              HON. SARAH A. L. MERRIAM
                              UNITED STATES DISTRICT JUDGE
```